GEORGE FROST CO. v. CRANDALL WEDGE CO.

(Circuit Court, S. D. New York. April 16, 1903.)

1. PATENTS—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.
    Where a complainant's patent has been sustained by an appellate court, he is entitled to a preliminary injunction against a new infringer, notwithstanding the presentation by defendant of alleged anticipatory patents, which were not before the court in the prior suit, unless it appears that they are of such character as would probably have led to a different decision.

In Equity. Suit for infringement of patent. On motion for preliminary injunction.

Charles Neave, for complainant.
W. P. Preble, Jr., for defendant.

LACOMBE, Circuit Judge. There are prior patents in this record, which were not before the courts in the earlier suit; but, comparing them with those which were then considered, this court does not feel warranted in assuming that their presence in the earlier suit would have induced a different construction of the patent. As to the general equities, a complainant who has the decision of an appellate court, sustaining a construction of the patent on final hearing, is ordinarily entitled to an injunction against a new infringer, although such infringer was ignorant of his claim. The defendant's hose supporter, as such, does not infringe; and it is thought that a modification of the button or stud which engages with the stocking will avoid infringement, and leave defendant free to make and sell its supporter. Preliminary injunction will issue under the first claim. Inasmuch, however, as complainant has deprived itself of the power to license the use of its button or stud on defendant's noncompeting hose supporter,

the operation of injunction will be stayed until the close of the May session of the Court of Appeals, so as to allow defendant to present its additional prior patents to that court.